### R. B. ROBERTS v. W. T. HUDSON.

(Filed 6 March, 1912.)

**1. Claim and Delivery—Title—Interpleader—Burden of Proof.**

In claim and delivery, an interpleader claiming title to the property as the vendee of defendant has the burden of proving the title in his vendor.

**2. Contracts, Written—Conditional Sale—Parol Contracts—Reservation of Title—Statute of Frauds.**

A parol contract of conditional sale of personal property is not valid as against an innocent purchaser for value unless reduced to writing and recorded; when the contract is executory, the title thereunder does not vest in the vendee until the purchase price has been paid.

**3. Contracts, Parol—Personal Property—Reservation of Title—Vendor and Vendee—Purchaser.**

The only evidence of a parol contract, sued on, being that plaintiff permitted the defendant to cut cross-ties on his land at a certain price each, and allowed the defendant to haul them for convenience of shipping to a railroad, reserving the title in himself until the ties were paid for, the title to the ties does not vest until the payment for them has been made, and a purchaser thereof from the defendant cannot acquire any title, as his vendor had no title to convey.

APPEAL by plaintiff from *Ferguson, J.,* at October Term, 1911, of FRANKLIN.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*W. H. Yarborough, Jr., for plaintiff.*
*T. T. Hicks for defendant.*

CLARK, C. J. The defendant W. T. Hudson, by permission of plaintiff, cut 516 cross-ties on the latter's land and hauled them to Youngsville, where he deposited them on the right of way of the defendant railroad under an agreement that they were not to be moved thence till paid for. Hudson owed to the defendant Bullock money on a mortgage, and consented to furnish ties in payment thereon. These ties were about being loaded on the cars for the Pennsylvania Railroad Company, to whom Bullock had sold them, when the plaintiff took out claim and deliv-

ery for recovery of the ties. Bullock was not served with process, but on his own application was made a party as interpleader (Revisal, 800), gave bond, and claimed the ties.

The plaintiff testified that he allowed Hudson to cut the ties and haul them to Youngsville under an agreement that the title was to remain in himself until the ties were paid for; that Hudson afterwards told him that he expected to sell the ties to Bullock, who would send plaintiff a check direct for the money, but that in the meantime the title to the ties would remain in plaintiff till they were paid for; that he never saw Bullock and did not receive the check. Hudson agreed to pay the plaintiff 12½ cents each for the ties, without grading. Hudson was to receive from Bullock 30, 35, and 50 cents for the ties, according to grade.

There was no conflicting testimony, and the court charged the jury that if they believed the evidence of the plaintiff to return a verdict for the amount of the cross-ties at 12½ cents each, $64.50. This presents the question whether the contract between the plaintiff and Hudson was a conditional sale or an executory contract. If it was the former, the plaintiff could not recover, because the contract was not reduced to writing and recorded.

The defendant Bullock being an interpleader, the burden was upon him to show that the title of the property had passed to Hudson. *Manufacturing Co. v. Tierney,* 133 N. C., 630, and cases cited. This he did not do, because the undisputed evidence is that the contract between the plaintiff and Hudson was that the title to the ties was to remain in the plaintiff till paid for. The plaintiff did not part with the right of possession, but merely permitted the ties, as a matter of convenience, to be hauled to the station, there to remain, without being loaded on the cars, till the sale should be consummated by payment of the purchase money, upon which, and not until then, the title was to pass. Upon the attempt being made to load the ties upon the cars, the plaintiff promptly asserted his right of possession by claim and delivery.

The line between an executory contract and a conditional sale is sometimes difficult to draw, but here it is clear that there was

no sale to Hudson by plaintiff: Hudson was to do two things: He was to cut the ties and pay for them, and when these things were both done, and not till then, the sale was to be consummated and Hudson was to be vested with the title and possession. The ties were not sold to Hudson and delivered to him upon condition that if not paid for the plaintiff could retake them. Bullock could acquire no title when Hudson himself had not acquired any, and could not do so under his agreement, until the ties were paid for.

It is probably more than a coincidence that deducting the cash payment ($95) which Bullock made to Hudson, the balance due by Bullock on the ties is $65, almost the exact amount due plaintiff for the ties.

No error.